## State Highway Construction Through Municipalities.

SCHNADER, Special Dep. Att'y-Gen., July 26, 1929.—We have your request for an interpretation of Act No. 409, approved May 1, 1929.

You desire to be advised:

1. Whether your department has the right, in entering into agreements with cities, to provide that you shall approve all plans and specifications for work to be done under the agreements, and that you shall also have the right to inspect the work to see that it conforms to the plans and specifications before any money shall be paid by the Commonwealth for the work done.

2. Whether your department has the right to determine whether the money allocated to any city shall be expended for construction, reconstruction or maintenance or a combination of these purposes; and

3. Whether your department shall pay for the engineering and inspection work which may be necessary in connection with work done on city streets out of the general Motor License Fund appropriation or out of the special appropriation of $2,000,000 made by Act No. 409.

Act No. 409 authorizes your department ". . . to enter into agreements with cities of the second class, second class A and third class providing for the improvement, construction, reconstruction and/or maintenance, in whole or in part, . . . of any streets and highways in any such city which are not on the plan of the State highway system but which are continuations of State highways entering such cities, or running through such cities, or which furnish the shortest or most convenient route through such cities for the traveling public. . . ."

It provides, further, that ". . . such agreements may provide that the improvement, construction, reconstruction and/or maintenance shall be done by the Department of Highways, or the city, or by contract let by the Department of Highways, or by the city, or by both, and that the Commonwealth shall, in either event, pay the whole or any portion of the cost of such improvement, construction, reconstruction and/or maintenance, the city to pay the remaining portion of such cost."

Further provisions grant authority to cities to enter into contracts with the Department of Highways, as hereinbefore outlined, to expend city money for such purposes, to make provision for the payment of the cities' share of the cost of work done under the act, either out of the treasury or by assessment, and so on.

Finally, the sum of $2,000,000 is appropriated to your department out of the Motor License Fund "for the improvement, construction, reconstruction and/or maintenance of city streets and highways, in the manner provided by this act;" and your department is directed to allocate the appropriation among all of the cities "to which this act applies" upon a specified basis.

It is apparent that plans and specifications for the work to be done under the act must be prepared and approved by some one. The act does not attempt to prescribe what they shall be.

Likewise, some one must determine whether the work shall be done by your department, by the several cities or by contract, and in the last-named event, whether the contract shall be let by the city or by your department or by joint action. The act permits the appropriated money to be expended under any of the procedures mentioned, without specifying which procedure shall apply in any particular case.

Another question requiring determination by an administrative authority is whether, in any case, the money allocated to a particular city shall be expended for improvement, construction, reconstruction or maintenance or more than one of these purposes.

Three possible methods of determining these questions occur to the mind. Your department acting alone might settle them; the cities acting independently of your department might settle them; or your department and the several cities acting jointly might settle them.

Which of these methods did the legislature intend to prescribe?

Clearly, it was not the legislature's intention that, after the allocation of the appropriation to the several cities, they may proceed to expend their respective shares independently of your department. Had this been the pur-

pose of the act, the appropriation would have been made to the several cities rather than to your department.

Nor, in our judgment, did the legislature intend your department to settle these questions without consulting the several cities affected. The legislature authorized you "to enter into agreements" with the several cities, thus indicating an intention that you should negotiate with the several cities and seek to arrive at an arrangement, mutually satisfactory, for the expenditure of their several allocations.

This brings us to the question whether, in any case, you are justified in insisting that the specifications for the work shall be at least of the standard which you prescribe for your work on State highways, and that, before any State money is paid on account of the work, you shall be satisfied, by inspection, that the work has been performed according to the approved plans and specifications.

To this question the answer is clearly in the affirmative. You would, in our judgment, be extremely remiss in the performance of your public duty were you to consent, in any case, to pay money out of the appropriation made by Act No. 409 for work of a lower standard than that which you require in expending the money appropriated to you for the improvement, construction, reconstruction and/or maintenance of State highways; and without inspecting the work to see that it was properly performed, you could not, in any case, properly present a requisition to the Department of the Auditor General calling for the payment of the appropriated money out of the Motor License Fund.

To your second question, the answer is similar: You should endeavor to agree with each city whether the money allocated to it shall be expended for construction, reconstruction or maintenance, or a combination of these purposes. You have a right to refuse to expend the money for a purpose which, in your judgment, is improper or unwise; and you should not, under any circumstances, permit any city to determine how its allocation shall be expended, independently of consultation with and approval by your department.

With respect to your third question, we advise you that, in our opinion, the legislature did not intend you to deplete the two million dollar appropriation made by Act No. 409 by charging against it any engineering or inspection expenses incurred by your department. You should, in our opinion, meet these expenses out of the general appropriation to your department of the moneys in the Motor License Fund.

From C. P. Addams, Harrisburg, Pa.